**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

EDWARD THEODORE MCCASKILL,

    Plaintiff,

v.                                                      Case No. 19-11432

STATE OF MICHIGAN,

    Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF COSTS AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Edward Theodore McCaskill sues Defendant State of Michigan under 42 U.S.C. § 1983 for wrongful conviction of cocaine and marijuana possession, Mich. Comp. Laws §§ 333.7403(a)(iii) and (d), and wrongful imprisonment. (ECF No. 1, PageID.5.) Plaintiff moves to proceed without prepayment of costs. (ECF No. 8.) The court will grant Plaintiff's motion. However, when a complainant proceeds in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Benson v. O'Brian*, 179 F.3d 1014, 1015-16 (6th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)) ("Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted.").

Plaintiff is currently a prisoner of the State of Michigan. He alleges that the State wrongfully convicted and imprisoned him for drug charges that were later reversed. Plaintiff has presented these same arguments to the court before. In 2014, Plaintiff filed

a § 1983 lawsuit against the State of Michigan and a prison warden, claiming constitutional violations for the same drug convictions. (Case No. 14-12157, ECF No. 1.) The court dismissed the claim on June 26, 2015 "with prejudice under Federal Rule of Civil Procedure 41(b)" for failure to prosecute. (*Id.*, ECF No. 29, PageID.263.)

Plaintiff has not stated a plausible claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). The suit is barred by res judicata. *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812 (6th Cir. 2010) (analyzing res judicata in the context of a motion to dismiss for failure to state a claim); *Winget v. JP Morgan Chase Bank*, 537 F.3d 565 (6th Cir. 2008).

"Claim preclusion prevents parties from litigating matters that should have been advanced in an earlier suit.'" *Wheeler v. Dayton Police Dept.*, 807 F.3d 764, 766 (6th Cir. 2015) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984)). If there is "(1) 'a final judgment on the merits' in a prior action; (2) 'a subsequent suit between the same parties or their privities'; (3) an issue in the second lawsuit that should have been raised in the first; and (4) . . . the claims in both lawsuits arise from the same transaction," then the plaintiff is barred from litigating a second claim. *Id.* (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)).

Here, the court has issued a final judgment on the merits. *Wheeler*, 807 F.3d at 766. The court's 2015 judgment dismissed Plaintiff's complaint "with prejudice." (Case No. 14-12157, ECF No. 29, PageID.263.) The court relied on Federal Rule of Civil Procedure 41(b). (*Id.*) "By its plain language, an involuntary dismissal under Federal

Rule of Civil Procedure 41(b) constitutes an adjudication on the merits and carries preclusive effect." *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 777 (6th Cir. 2009). The parties in this suit are the same as Plaintiff's prior suit. *Wheeler*, 807 F.3d at 766. Plaintiff attempted to sue the State of Michigan in 2014 and does so now. Plaintiff also raised the same disputes and issues in the first lawsuit. *Wheeler*, 807 F.3d at 766. In both lawsuits, Plaintiff claimed his constitutional rights were violated from his unlawful conviction and confinement from the same possession of cocaine and marijuana charges. (*Compare* Case No. 14-12157, ECF No. 1, PageID.10, 14, *with* ECF No. 1, PageID.5-6 (describing the same events and the same charges).) To the extent Plaintiff adds new details or arguments to identical facts and legal claims, they are also barred from relitigation. *Heike v. Central Michigan University Bd. of Trustees*, 573 Fed. App'x 476, 482 (6th Cir. 2014) (quoting *Rawe v. Liberty Mut. Fire Ins.*, 462 F.3d 521, 529 (6th Cir. 2006) ("A plaintiff should have litigated two claims in his or her first suit, and thus may not litigate the second claim later, where . . . the two claims 'arose from the same transaction, or series of transactions.'"). Lastly, Plaintiff's claims here arise from the same transaction and "are based on substantially the same operative facts." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011).

Plaintiff's complaint is subject to dismissal on an additional ground. The State of Michigan is entitled to sovereign immunity. *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000) (citations removed) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). Plaintiff cannot sue the State and the State is the only defendant Plaintiff names. Thus, the court will dismiss Plaintiff's complaint on multiple grounds. *Gavitt v.*

*Born*, 835 F.3d 623, 640 (6th Cir. 2016) (analyzing immunity in the context of failure to state a claim); *see also* 28 U.S.C. § 1915(e)(2)(B)(iii) (permitting courts to dismiss in forma pauperis claims that "seek[] monetary relief against a defendant who is immune from such relief"). Accordingly,

IT IS ORDERED that Plaintiff Marian Elder's Application to Proceed Without Prepayment of Costs (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint (ECF No. 1) is DISMISSED for failure to state a claim.

<pre>
                                        s/Robert H. Cleland             /
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE
Dated:  February 18, 2020
</pre>

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 18, 2020, by electronic and/or ordinary mail.

<pre>
                                        s/Lisa Wagner                   /
                                        Case Manager and Deputy Clerk
                                        (810) 292-6522
</pre>

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-11432.MCCASKILL.Dismissal.RMK.docx